UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LELAND HARRIS,

       Plaintiff,                               Case No. 1:14-CV-36

v.                                            HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

### MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff has filed Objections to Magistrate Judge Ellen S. Carmody's Report and Recommendation (R & R), issued on March 26, 2015, which recommends that the Court affirm the Commissioner's decision denying Plaintiff Disability Insurance Benefits and Supplemental Security Income benefits. Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R & R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.* After reviewing the R & R, Plaintiff's Objections, and the pertinent portions of the administrative record, the Court will overrule Plaintiff's Objections and adopt the R & R as the opinion of the Court.

Plaintiff argues that the ALJ improperly weighed the medical evidence, and points specifically to the opinions of Drs. Jackson and Moulton. The magistrate judge concluded that the ALJ properly considered the opinion of Dr. Jackson, and Plaintiff has failed to demonstrate any error in such conclusion. As Plaintiff acknowledges, he has failed to provide any authority for the proposition that a medical opinion may not be considered simply because additional evidence was

procured after the doctor provided such opinion. Moreover, contrary to Plaintiff's argument, "[t]here is no categorical requirement that the non-treating source's opinion be based on a complete . . . record." *Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1002 (6th Cir. 2011). Finally, because the ALJ gave only substantial weight—and not controlling weight—to Dr. Jackson's opinion, there was no violation of *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013).

Plaintiff has also failed to demonstrate any error in the magistrate judge's conclusion about Dr. Moulton. As the magistrate judge explained, Dr. Moulton did not offer any opinion regarding Plaintiff's limitations. Although Plaintiff argues that the ALJ failed to give weight to Dr. Moulton's findings, he fails to specify which findings should have been afforded such weight. Finally, the fact that Dr. Moulton provided Plaintiff pain treatment does not contradict the ALJ's finding that Plaintiff's complaints of pain were exaggerated. Accordingly, Plaintiff has failed to demonstrate any error in the magistrate judge's conclusions regarding the medical evidence.

Finally, Plaintiff objects the to magistrate judge's conclusion that he does not meet the requirements for relief under 20 C.F.R., Part 404, Subpart P, Appendix 2, Rule 201.04. As the magistrate judge explained, however, that rule only applies to claimants of "advanced age" (i.e., age 55 or over), and Plaintiff does not meet that criteria.[1] Plaintiff has failed to demonstrate why this conclusion is incorrect.

Therefore,

---

[1] Plaintiff appears to argue that the magistrate judge misconstrued his argument, and that he was actually arguing that there was no support for the ALJ's RFC finding. Plaintiff's initial brief states: "Since Plaintiff turned age 50 during March of 2012, and since he has no transferable skills, he would be entitled to benefits as of that birthday if he could not perform light work under 20 C.F.R., Appendix 2, Part 505, Rule 201.04." It is hard to see how this argument could be interpreted in any way other than how the magistrate judge interpreted it. However, even if Plaintiff had argued that his RFC was not supported by substantial evidence, as he now claims, the Court would reject that argument.

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued March 26, 2015 (dkt. # 16), is **ADOPTED** as the Opinion of the Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

A separate judgment will issue.

This case is **concluded**.


Dated: June 12, 2015            /s/ Gordon J. Quist
                         GORDON J. QUIST
                         UNITED STATES DISTRICT JUDGE